


THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| INTAMIN, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> MAGNETAR TECHNOLOGIES CORP. et al., <br><br> Defendants. | Case No. SA CV 04-511-GLT (JWJx) <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR RULE 11 SANCTIONS |

Plaintiff's motion for reconsideration is GRANTED IN PART. Upon reconsideration, Defendant's motion for summary judgment and motion for Rule 11 sanctions are GRANTED.

I.  BACKGROUND

Plaintiff Intamin, Ltd. alleges Defendant Magnetar Technologies Corp. infringes U.S. Patent Number 6,062,350 ("'350 patent"), which describes a magnetic brake used to stop an amusement park ride. On January 25, 2005, the Court granted Defendant's motion for summary judgment of non-infringement and motion for Rule 11 sanctions. Plaintiff now moves for reconsideration.

## II. DISCUSSION

### A. Motion for Summary Judgment of Non-Infringement

Plaintiff asks the Court to reconsider its Order on the first and second limitations of Claim 1 of the '350 patent.

#### 1. First Limitation

Plaintiff's arguments on the first limitation are almost identical to its arguments in opposition to Defendant's motion for summary judgment and its oral arguments during the hearing. The Court addressed these arguments in its Order.

Plaintiff, however, appears to raise an additional argument for the first time in this motion for reconsideration. The Ninth Circuit has held a motion for reconsideration "may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

Here, Plaintiff's new "claim differentiation" argument is based on the '350 patent's claims, specification, and prosecution history. (Pl.'s Mot. Recons. at 13-15.) Plaintiff was in possession of this information before the lawsuit was filed, and Plaintiff's opposition to Defendant's motion for summary judgment included arguments based on these factors. Plaintiff could have reasonably raised this argument earlier.

On the first limitation, Defendant's motion for reconsideration is DENIED.

#### 2. Second Limitation

The second limitation reads, "a conducting part having at least one conductive rail configured for attachment to the fixed device part." (Ross Decl. Ex. 3.)

According to Plaintiff, the Court construed "configured for attachment" to mean "attached." Plaintiff argues the Court's construction is improper because the applicants of the '350 patent deleted the term "attached" and inserted the phrase "configured for attachment" to overcome the Patent Office's objection.

The Court did not construe "configured for attachment" to mean "attached." In its Order, the Court stated, "Defendant concludes the ordinary meaning of this claim is 'the conducting part is configured for attachment to the stationary portion of the ride,' like the track." (Ct.'s Jan. 25, 2005 Order at 8.) The Court then observed, "Plaintiff does not appear to contest Defendant's definition." (Ct.'s Jan. 25, 2005 Order at 8.) In concluding, the Court held "ordinary meaning supports Defendant's construction." (Ct.'s Jan. 25, 2005 Order at 9.) Given this language, Plaintiff's argument appears to be based on a misinterpretation of the Court's Order.

Plaintiff also argues the Court did not consider the "configured for attachment" language in the second limitation. However, the Court's Order expressly notes it did consider this language based on Plaintiff's oral argument and the evidence Plaintiff cited. (Ct.'s Jan. 25, 2005 Order at 8 n.1.)

Plaintiff, however, contends the Court did not consider this language based on deposition testimony from Edward Pribonic, Defendant's president.[1] Plaintiff argues this testimony indicates Defendant's

---

[1] Plaintiff argues this testimony is not new evidence, while Defendant argues it is new and should not be considered. Even if this evidence is new, the Court considers it. It appears Mr. Pribonic's deposition was taken eleven days before the hearing. Eleven days may not have been enough time for Plaintiff, exercising reasonable diligence, to analyze the

(continued...)

brake system had a conductive rail "configured for attachment" to the track (i.e., the "fixed device part"), even though the conductive rail could also attach to the passenger car. If the conductive rail <u>can</u> attach to the track, Plaintiff contends Defendant's system may infringe the second limitation.

Plaintiff offers the following from Mr. Pribonic's deposition:

Q: Did the bid include Magnetar Soft Stop brakes?
A: Yes.
Q: [D]id the bid include attaching the magnets of the Magnetar [soft] stop brakes to the passenger carrier?
A: To the what?
Q: To the car?
A: Yes.
Q: And included <u>attaching the fin to the track</u>, correct?
A: <u>Yes</u>.

(Ward Decl. Ex. 4; Pl.'s Mot. Recons. at 12 (emphasis added).)

In opposition, Defendant asserts this testimony is taken out of context. According to Defendant, Mr. Pribonic later clarified, "We <u>can</u> design a fin that will attach to a track." (Ward Decl. Ex. 4 (emphasis added).) This statement, Defendant argues, demonstrates Defendant has never designed a fin configured for attachment to a track.

In the Court's view, a triable issue is present. Mr. Pribonic stated, "We <u>can</u> design a fin that will attach to a track." (Ward Decl. Ex. 4 (emphasis added).) From this statement and the fact Defendant's bid included "attaching the fin to the track," one could justifiably infer Defendant can and has designed a fin configured for attachment to

---

[1]/(...continued)
deposition and raise this argument during the hearing.

the track. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (holding courts must view the evidence presented in the light most favorable to the non-moving party, drawing "all justifiable inferences . . . in his favor"). Plaintiff has raised a triable issue.

Nevertheless, given the Court's holding on the first limitation, Claim 1 of the '350 patent cannot be infringed. Warner-Jenkinson v. Hilton Davis Chem. Co., 520 U.S. 17, 29 (1997) (holding that, if defendant's product does not meet even one limitation in the claim, the claim cannot be infringed).

The Court's ruling is reconsidered, and Defendant's motion for summary judgment is again GRANTED.

B.   Motion for Rule 11 Sanctions

Plaintiff asks the Court to reconsider its Order on Rule 11 sanctions. The Court held (1) Plaintiff filed its complaint for an improper purpose, and (2) Plaintiff's complaint was frivolous.

1.   Improper Purpose

In its Order, the Court held that, considered in its entirety, the evidence shows Plaintiff filed its complaint for an improper purpose.

Plaintiff contends the Court attached significance to facts that do not imply an improper purpose. Plaintiff argues it did not send letters to intimidate Defendant, as the Court suggested, but to protect its exclusive licence to the patent. Plaintiff contends that, in any event, the letters are not important because Defendant did not seek sanctions based on the letters; Defendant sought sanctions based on the filing of the complaint.

This argument is not convincing. Plaintiff began sending letters in 2001, but did not begin its pre-filing investigation until 2003. Also, the letters are important, not because they serve as the basis for

Defendant's motion for sanctions, but because they provide context for Plaintiff's decision to file its complaint.

Plaintiff also argues the fact it did not take any discovery directed at developing the infringement evidence does not suggest an improper purpose. According to Plaintiff, "if it was truly trying to intimidate [Defendant] as the Court suggests, it would have pursued every avenue of discovery possible. Evidence of intimidation would have been contacting and taking deposition of all Magnetar's customers and potential customers, as well as conducting the litigation so as to drive up the expense of the litigation." (Pl.'s Mot. Recons. at 24.)

While this evidence does not necessarily show an improper purpose, it does suggest potential impropriety. When considered together with the other evidence, it fits within a pattern of conduct indicating the complaint was brought for an improper purpose.

The evidence shows (1) Plaintiff began writing letters telling Defendant its brakes may infringe the patent well before Plaintiff began its pre-filing investigation; (2) Plaintiff represented it "obtained affidavits" of how Defendant collected information on Plaintiff's brakes, but Plaintiff did not obtain such affidavits; (3) Plaintiff filed its complaint immediately after Mr. Pribonic testified critically about Plaintiff's brakes; and (4) discovery is closed, and Plaintiff did not take any discovery directed at developing the infringement evidence discussed in the context of Defendant's motion for summary judgment. Considered together, this evidence demonstrates Plaintiff filed its complaint for an improper purpose.

The Court's earlier ruling is reconsidered, and Defendant's motion for Rule 11 sanctions is GRANTED based on improper purpose.

2.  <u>Frivolous</u>

In its Order, the Court ruled Plaintiff had no reasonable factual basis for alleging infringement because it did not inspect the key technology of Defendant's brakes before filing suit.

<u>Antonious v. Spalding & Evenflo Cos.</u>, 275 F.3d 1066, 1075-77 (Fed. Cir. 2002), is instructive on this issue. In <u>Antonious</u>, plaintiff admitted it did not "cut open and inspect" defendant's allegedly infringing product before filing suit; instead, plaintiff inferred defendant's product had an infringing internal structure. Remanding the case, the Federal Circuit directed the trial court to decide "whether [plaintiff's] inference was reasonable, given the other information [plaintiff's] attorneys had at the time." <u>Id.</u> at 1076.

In light of the other information Plaintiff had at the time of filing, the Court finds Plaintiff's pre-filing inquiry was reasonable and sanctions are not proper on this basis. Plaintiff, for example, evaluated the patent portfolio, analyzed the patent's validity, determined the scope of the patent's claims, and performed an infringement analysis. Plaintiff also reviewed publicly available documents on Defendant's brakes, inspected Defendant's brakes as installed on a roller coaster, took photos of the brakes, and reviewed the brakes with experts. Given <u>Antonious</u> and the totality of Plaintiff's efforts, <u>View Engineering, Inc. v. Robotic Vision Systems, Inc.</u>, 208 F.3d 981, 986 (Fed. Cir. 2000), is inapplicable.

The Court's earlier ruling is reconsidered, and, based on frivolousness, Defendant's motion for Rule 11 sanctions is DENIED.

### III.  DISPOSITION

Plaintiff's motion for reconsideration is GRANTED IN PART. Upon reconsideration, Defendant's motion for summary judgment and motion for

1  Rule 11 sanctions are again GRANTED.

3  DATED: March 11, 2005

_____
GARY L. TAYLOR
UNITED STATES DISTRICT JUDGE