John B. Sganga, Jr. (SBN 116,211)
jsganga@kmob.com
David G. Jankowski (SBN 205,634)
djankowski@kmob.com
Christopher L. Ross (SBN 228,376)
cross@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant/Counterclaimant,
MAGNETAR TECHNOLOGIES CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| INTAMIN, LTD., a Maryland corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>MAGNETAR TECHNOLOGIES CORP., a Nevada corporation, and DOES 1 through 10, inclusive,<br><br>        Defendant. | Civil Action No.<br>SACV04-511 GAF (JWJx)<br><br>**DECLARATION OF DAVID G. JANKOWSKI IN SUPPORT OF DEFENDANT MAGNETAR TECHNOLOGIES CORP.'S SUPPLEMENTAL MEMORANDUM REGARDING FEES AND COSTS**<br><br>Hearing re Fees & Costs:<br>Date: TBD<br>Time:  TBD<br>Ctrm: 10D<br><br>Honorable Gary A. Feess |
| AND RELATED COUNTERCLAIMS | Disc. Cutoff:  June 7, 2005<br>Final Pretrial Conference:<br>July 8, 2005, 1 :30 p.m.<br>Trial:  August 2005 |

1       I, David G. Jankowski, hereby declare:

2       1.    I am a partner with the law firm of Knobbe, Martens, Olson & Bear, LLP ("Knobbe Martens"), litigation counsel for Defendant Magnetar Technologies Corporation ("Magnetar") in the above-captioned matter. I am admitted to practice before all the courts of the State of California and the United States District Court for the Central District of California. Unless otherwise stated, the facts set forth in this declaration are true of my own personal knowledge, and, if called upon to do so, I could and would testify competently to them.

2.    I have a B.A. in Physics from the University of California, San Diego in 1985, a Ph.D. in Astrophysics from Cornell University in 1994, and a J.D. from Stanford Law School in 1999. I joined Knobbe Martens as an associate in the Fall of 1999. I became a partner with Knobbe Martens in January of 2005. I have represented Magnetar as litigation counsel in this case from 2004 through 2009. My professional bio is available on the Knobbe Martens web site.

**A.**    **Fees and Costs Incurred By Magnetar In This Case**

3.    Attached hereto as **Exhibit E** is a true and correct copy of **Magnetar's proposed Bill of Costs** for this litigation, pursuant to Local Rule 54-3. Magnetar has organized the costs associated with its proposed Bill of Costs into five categories defined in Local Rule 54-4. Each of the five categories represents an expense that Knobbe Martens ordinarily and customarily bills to its clients.

4.    Attached as **Exhibit F** is a spreadsheet specifically showing the costs for each of the five categories for the proposed Bill of Costs. Also attached as Exhibit F are true and correct copies of supporting documentation (vendor invoices, etc.) for those costs.

/ / /

**B.    Knobbe Martens' Fees In This Case Are Reasonable**

5.    Knobbe Martens currently has more than 250 attorneys firm-wide, including more than 180 attorneys in its three offices in the Los Angeles metropolitan area. Knobbe Martens exercises sound billing judgment in determining what is billed to its clients. It is the firm's policy not to bill time or costs to a client unless the amount and nature of the charge are consistent with customary business practices in the legal marketplace and the firm's own standards. Before an invoice is sent to a client, the billing partner reviews the invoice and eliminates or reduces any charge that results from an inefficient use of time or that is inconsistent with customary practice. Thus, in accordance with this policy, Knobbe Martens exercised sound billing judgment with respect to all of its invoices to Magnetar.

6.    Like most law firms, Knobbe Martens bills the time of paralegals and clerks who do work that is non-secretarial in nature and that, as a consequence, an attorney would otherwise be required to perform. The paralegals and clerks that worked on this litigation are distinct from the approximately six secretarial staff members that worked on the case. Knobbe Martens has never billed Magnetar for time spent by secretarial staff.

**1.    Industry Recognition for Knobbe Martens**

7.    Attached as **Exhibit G** is a true and correct copy of excerpts from the Autumn/Winter 1999 issue of *Managing Intellectual Property* magazine.

8.    Attached as **Exhibit H** is a true and correct copy of excerpts from the October/November 2001 issue of *Managing Intellectual Property* magazine.

9.    Attached as **Exhibit I** is a true and correct copy of excerpts from the October 2003 issue of *Managing Intellectual Property* magazine.

10.    Attached as **Exhibit J** is a true and correct copy of "Swords & Shields," an article appearing in the May 2003 issue of *IP Law & Business*, a magazine produced by the publisher of *American Lawyer* magazine.

-2-

11.    Attached as **Exhibit K** is a true and correct copy of an article appearing in the July 2007 issue of *IP Law & Business*.

**2.**    **Knobbe Martens' Billing Rates and Work Performed Are Reasonable**

12.    Attached as **Exhibit L** is a true and correct copy of excerpts from the December 1, 2003 issue of *The National Law Journal* magazine.

13.    Attached as **Exhibit M** is a true and correct copy of Section 3 of the National Association of Legal Assistants 2008 National Utilization and Compensation Survey Report.

14.    Attached as **Exhibit N** is a true and correct copy of excerpts from the 2003 Attorney Billing Rate Survey published by Helder Associates.

15.    Attached as **Exhibit O** is a true and correct copy of excerpts from the 2009 AIPLA Report of the Economic Survey.

16.    Attached as **Exhibit P** is a true and correct copy of the professional biography of John B. Sganga.  Mr. Sganga has served as Magnetar's lead litigation counsel throughout this case.

17.    Another Knobbe Martens partner, Joseph Cianfrani, represented Magnetar in connection with the first appeal to the Federal Circuit.  Mr. Cianfrani's professional bio is available on the Knobbe Martens website at www.kmob.com.  Mr. Cianfrani has a J.D. from the University of Virginia School of Law in 1997, and he was a law clerk to the Honorable Arthur J. Gajarsa of the United States Court of Appeals for the Federal Circuit from 1997 to 1998.  He joined Knobbe Martens as an associate in the Fall of 1998. He became a partner in January of 2003.  Mr. Cianfrani was voted a "Best Lawyer" in the 2008, 2009, and 2010 editions of *The Best Lawyers in America* in the specialty of Intellectual Property Law.  In a survey published in *Los Angeles* magazine and *Super Lawyers* magazine, Mr. Cianfrani was named as one of Southern California's "Rising Stars" in IP law in 2006 through 2008.

18.    Attached as **Exhibit Q** is a true and correct copy of excerpts from the February 2004 issue of Law & Politics magazine, containing an article entitled "Southern California Super Lawyers 2004."

**C.    Intamin's Litigation Conduct Has Increased Magnetar's Expenses**

19.    Intamin has been uncooperative in discovery. For example, Magnetar originally noticed a deposition of Intamin pursuant to Rule 30(b)(6) for September 2004. Intamin failed to respond. Subsequently, Magnetar followed up on October 7, 2004, and October 15, 2004, eventually threatening to file a motion to compel. Intamin had failed to provide a witness by mid November. Intamin did not provide its 30(b)(6) witness until January 2005, over four months after the originally noticed date. Intamin also increased litigation costs by failing to honor its written discovery obligations, and by failing to respond to repeated requests for meet-and-confers. Magnetar was forced to file a motion to compel that went unopposed and resulted in an award of sanctions.

20.    Attached as **Exhibit R** is, a true and correct copy of a letter dated September 20, 2004, from John B. Sganga to Ted S. Ward.

21.    Attached as **Exhibit S** is a true and correct copy of an email dated October 15, 2004, from John B. Sganga to Ted S. Ward.

22.    Attached as **Exhibit T** is a true and correct copy of a letter dated October 19, 2004, from Christopher L. Ross to Ted S. Ward.

23.    Attached as **Exhibit U** is a true and correct copy of a letter dated November 3, 2004, from John B. Sganga to Ted S. Ward.

24.    Attached as **Exhibit V** is a true and correct copy of a letter dated November 12, 2004, from David G. Jankowski to Ted S. Ward.

25.    Attached as **Exhibit W** is a true and correct copy of a letter dated January 6, 2005, from David G. Jankowski to Ted S. Ward.

**D.    Magnetar's Award Should Include Interest**

26.    Attached as **Exhibit X** is a table providing the weekly average

1-year constant maturity Treasury yield from 2004 to the present, as reported by the Federal Reserve System website (www.federalreserve.gov/releases/h15/data/Weekly_Friday_/H15_TCMNOM_Y1.txt).

27.    Attached as **Exhibit Y** is a first table providing historical U.S. Prime Rate values from 2004 to the present as reported by the Wall Street Journal website (online.wsj.com/mdc/public/page/2_3020-moneyrate.html), and a second table providing derived yearly-averaged U.S. Prime Rate values.

28.    Attached as **Exhibit Z** are four tables showing interest calculations for Magnetar's litigation expenses based on four different models.

- Model 1 applies a fixed interest rate based on the weekly average 1-year constant maturity Treasury yield for the week of August 28, 2009 (0.45%), as published by the Board of Governors of the Federal Reserve System (*see* Exhibit X), compounded annually.

- Model 2 applies the yearly-average U.S. Prime Rate shown in Exhibit Y, compounded annually. Under Model 2, the first year of interest for a given expense is calculated on the one-year anniversary date by applying the yearly-averaged Prime Rate for the calendar year in which the expense was incurred.

- Model 3 applies a fixed 7% rate, compounded annually.

- Model 4 applies a fixed 10% rate, compounded annually.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 22nd day of October, 2009 at Irvine, California.

David G. Jankowski

## <u>INDEX OF EXHIBITS</u>

1
2    EXHIBIT E ...................................................................................7
3    EXHIBIT F ..................................................................................10
4    EXHIBIT G .................................................................................43
5    EXHIBIT H .................................................................................49
6    EXHIBIT I ...................................................................................57
7    EXHIBIT J ...................................................................................61
8    EXHIBIT K ..................................................................................66
9    EXHIBIT L ..................................................................................70
10   EXHIBIT M .................................................................................76
11   EXHIBIT N ..................................................................................87
12   EXHIBIT O ................................................................................105
13   EXHIBIT P .................................................................................114
14   EXHIBIT Q ................................................................................118
15   EXHIBIT R ................................................................................123
16   EXHIBIT S ................................................................................124
17   EXHIBIT T ................................................................................125
18   EXHIBIT U ................................................................................128
19   EXHIBIT V ................................................................................129
20   EXHIBIT W ...............................................................................130
21   EXHIBIT X ................................................................................131
22   EXHIBIT Y ................................................................................133
23   EXHIBIT Z ................................................................................134
24
25
26
27
28

PROOF OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action. My business address is 2040 Main Street, Fourteenth Floor, Irvine, California. On October 22, 2009, the within document **DECLARATION OF DAVID G. JANKOWSKI IN SUPPORT OF DEFENDANT MAGNETAR TECHNOLOGIES CORP.'S SUPPLEMENTAL MEMORANDUM REGARDING FEES AND COSTS** was electronically filed with the Court and notification of same will be forwarded to the following Counsel registered to receive Electronic Notifications as follows:

> Ted S. Ward
> tward@bkwllp.com
> Berke, Kent & Ward LLP
> 811 Wilshire Boulevard, Suite 1700
> Los Angeles, CA 90017
> Telephone: (213) 995-2500
> Facsimile: (213) 995-2505

I declare that I am a member of the bar of this Court.

Executed on October 22, 2009 at Irvine, California.

David G. Jankowski

7948444
102209